hATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondents, Douglas H. Greenburg and Anthony P. Lewis, attorneys licensed to practice law in Louisiana.
UNDERLYING FACTS
By way of background, Mr. Greenburg served as the District Attorney of Terre-bonne Parish from 1985 through 1996. He now maintains a private law practice in Houma. Mr. Lewis primarily practices in neighboring Lafourche Parish, but occasionally handles cases in Terrebonne Parish.
In 2005, respondents represented opposing parties in a bitterly contested succession matter pending in Terrebonne Parish. *804 Jean Claire Williams v. Debra Williams Jones, No. 121,049 on the docket of the 32nd Judicial District Court for the Parish of Terrebonne. On May 26, 2006, respondents appeared in open court for a motion hearing before Judge Randall L. Bethanc-ourt. During the hearing, Mr. Greenburg suggested that “some hanky-panky” on the part of Mr. Lewis might well justify an award of attorney’s fees to Mr. Green-burg’s client. The following exchange then occurred:
Mr. Lewis: Here we go again, Your Honor, the former D.A. is always suspect—
|2Mr. Greenburg: Your Honor, I’m going to object right now—
Mr. Lewis: — or somebody ... the law— The Court: Gentlemen, quiet.
Mr. Greenburg: — and ask that this jackass—
The Court: Gentlemen, quiet. Quiet, gentlemen.
Mr. Greenburg: — quit bringing up anything—
Mr. Lewis: Jackass?
Mr. Greenburg: Jackass.
Mr. Lewis: Your mother is a jackass.
The Court: Hey, hey, hey. All right, y’all are both in contempt.
Following the exchange of profanities, Mr. Greenburg grabbed Mr. Lewis’ suit jacket and both men fell to the floor. Judge Bethancourt immediately recessed the proceeding, cleared the courtroom, and restored order. He then informed respondents on the record that he was holding both of them in contempt of court but that sentencing would be delayed until a later date.
On June 28, 2006, Judge Bethancourt took up the sentencing on the contempt matter. After hearing brief arguments from both respondents, Judge Bethancourt sentenced Mr. Greenburg to serve twenty-four hours in the parish jail and fined him $100. Mr. Lewis was sentenced to serve twelve hours in the parish jail, suspended upon the condition that he pay a $50 fine and perform eight hours of community service.[1]
13Mr. Greenburg was subsequently charged by bill of information with committing simple battery upon Mr. Lewis. Mr. Lewis was not criminally charged in connection with the altercation. In February 2007, Judge David Arceneaux conducted a bench trial of the battery charge. Judge Arceneaux heard testimony from several witnesses, including both respondents, Judge Bethancourt and his court reporter, bailiff, and minute clerk, the Ter-rebonne Parish Sheriffs deputy who was called to investigate the incident, and an attorney who was present in the courtroom during the May 26, 2006 hearing and witnessed the altercation. During his testimony, Mr. Greenburg admitted that he had called Mr. Lewis a jackass during the hearing and grabbed Mr. Lewis by the lapels of his suit jacket. However, Mr. Greenburg asserted that he was justified in his actions because he felt threatened by Mr. Lewis, whom he contended had approached him with his finger pointed. For his part, Mr. Lewis denied this. He claimed that he was sitting at the counsel table when Mr. Greenburg approached him, grabbed his lapel, and pushed him, causing him to fall to the floor.
After considering all of the evidence presented, Judge Arceneaux rejected Mr. Greenburg’s defense of justification and *805 found him guilty of simple battery, a misdemeanor violation of La. R.S. 14:35. Judge Arceneaux sentenced Mr. Green-burg to serve ten days in the parish jail; pursuant to the provisions of La. Code Crim. P. art. 894, Judge Arceneaux suspended the sentence and placed Mr. Greenburg on unsupervised probation for a period of sixty days, the only condition of which was that Mr. Greenburg not violate any federal, state, or local criminal law or ordinance. Judge Arceneaux further ordered that the sentence run concurrently with the sentence imposed against Mr. Greenburg for the contempt.
14Mr. Greenburg subsequently completed the terms of his probation in a satisfactory manner. In June 2007, Judge Arcen-eaux set aside Mr. Greenburg’s conviction and dismissed the prosecution in accordance with La.Code Crim. P. art. 894.
DISCIPLINARY PROCEEDINGS
In October 2007, the ODC filed one count of formal charges against respondents jointly, alleging that Mr. Green-burg’s conduct violated Rules 3.5(d) (engaging in conduct intended to disrupt a tribunal), 8.4(b) (commission of a criminal act, especially one that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer in other respects), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct. The ODC alleged that Mr. Lewis’ conduct violated Rules 3.5(d) and 8.4(d). Respondents, through separate counsel, answered the formal charges and requested a hearing in mitigation. Mr. Greenburg admitted to the allegations of the formal charges and conceded that he “committed professional misconduct,” for which he requested the imposition of “appropriate discipline.” In his answer, Mr. Lewis admitted “there is a factual basis for the filing of’ the formal charges but he denied he violated the Rules of Professional Conduct as alleged therein. The matter then proceeded to a formal hearing on the merits.

Hearing Committee Report

After considering the evidence and testimony presented at the hearing, the hearing committee found that during the May 26, 2006 hearing before Judge Bethanc-ourt, Mr. Greenburg referred to Mr. Lewis as a jackass. Mr. Lewis responded |fiby calling Mr. Greenburg’s mother a jackass. Following these statements there was a brief altercation, which the committee believed was initiated by Mr. Greenburg. As a result, both attorneys were held in contempt. Mr. Greenburg was sentenced to the maximum sentence allowed under the contempt statute, twenty-four hours of confinement in the Terrebonne Parish Detention Center and a $100 fine. Mr. Lewis was sentenced to twelve hours in the Ter-rebonne Parish Detention Center, which sentence was suspended upon the condition that he pay a $50 fine and perform eight hours of community service. Mr. Lewis filed writ applications with the First Circuit Court of Appeal and the Louisiana Supreme Court, both of which were denied.
In addition, Mr. Greenburg was also charged with simple battery and found guilty of the misdemeanor. The court sentenced Mr. Greenburg to ten days in the parish jail, suspended. He was also placed on unsupervised probation under La.Code Crim. P. art. 894. Mr. Greenburg served his probationary term, and in June 2007, his conviction was set aside and the prosecution dismissed pursuant to art. 894.
Based on these findings, the committee determined that respondents violated the Rules of Professional Conduct as charged in the formal charges. As to Rule 3.5(d), the committee acknowledged that respondents may not have intended to disrupt the *806 tribunal by their use of vulgarity in open court and by their subsequent physical altercation directed at each other. However, the committee found that respondents had to know that their actions would, in fact, disrupt the proceedings, that such conduct was totally unacceptable in open court, and that their behavior was a violation of the professional standards required of attorneys, especially in light of Judge Bethancourt’s request prior to the physical altercation that respondents discontinue their verbal abuse. As to Rule 8.4(d), the committee found that both respondents engaged in conduct prejudicial to the administration of justice “for their ^clients and for the decorum of the court.” Finally, the committee determined that Mr. Greenburg committed a criminal act in violation of Rule 8.4(b).
In aggravation, the committee found that both respondents possess substantial experience in the practice of law. As to Mr. Greenburg, an additional aggravating factor is his illegal conduct. The following mitigating circumstances were found by the committee as to both respondents: absence of a prior disciplinary record and imposition of other penalties or sanctions.
Considering the circumstances, the committee recommended that Mr. Greenburg be suspended from the practice of law for thirty days “and defer the entirety of the suspension and impose a public reprimand.” The committee recommended that Mr. Lewis be publicly reprimanded.
The ODC filed an objection to the leniency of the sanction recommended by the hearing committee as to Mr. Green-burg.

Disciplinary Board Recommendation

After review, the disciplinary board determined that the hearing committee’s factual findings are not manifestly erroneous. The board made the following determinations concerning the alleged violations of the Rules of Professional Conduct:
Rule 3.5(d) requires an attorney to refrain from conduct intended to disrupt a tribunal. Both respondents disrupted a judicial hearing with their profanity, and thus violated Rule 3.5(d). The board found Mr. Greenburg further disrupted the tribunal when he ignored the judge’s directions to maintain proper decorum and instead escalated the verbal exchange of insults by committing'a battery upon Mr. Lewis.
1 iRule 84(d) states that it is professional misconduct for a lawyer to engage in conduct prejudicial to the administration of justice. By exchanging profanity, which has no proper place during courtroom argument, the board found both respondents violated Rule 8.4(d). ■
Rule 84(b) requires that an attorney refrain from criminal conduct, especially conduct that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer in other respects. The comments to ABA Model Rule 8.4 explain: “Although a lawyer is personally answerable to the entire criminal law, a lawyer should be professionally answerable only for offenses that indicate lack of those characteristics relevant to law practice. Offenses involving violence ... are in that category.” Accordingly, the board found that committing a battery upon another lawyer in open court reflects adversely upon Mr. Greenburg’s fitness as a lawyer.
The board determined that by exchanging profanities in open court, both respondents violated duties owed to the legal system and the profession. By its very nature, the misconduct of each lawyer was knowing and intentional, as the record reflects that Mr. Greenburg called Mr. Lewis a “jackass,” and Mr. Lewis returned the volley by stating that Mr. Greenburg’s “mother is a jackass.” The injury and *807 interference to the reputation of the legal profession and the proper functioning of the legal system was serious or potentially serious. For example, the judge had to clear the public from the courtroom, and significant time and resources were taken on two occasions to deal with respondents’ contempt. Additionally, the record reflects that Mr. Greenburg, a former district attorney in the parish where these events took place, received considerable television coverage after he was arrested and led from the courthouse that day in handcuffs.
|HIn determining the baseline sanction applicable to the conduct of each respondent, the board considered the ABA’s Standards for Imposing Lawyer Sanctions. As to Mr. Lewis, the board applied Standard 6.22, which provides for a baseline sanction of suspension when a lawyer knowingly violates a court order or rule and causes injury or potential injury to a client or party, or causes interference with a legal proceeding. The board likewise applied Standard 6.22 to Mr. Greenburg, both with respect to his conduct in calling Mr. Lewis a jackass and in committing a battery upon Mr. Lewis. However, the board also found that Standard 5.12 applies to Mr. Greenburg’s commission of a battery upon his opposing counsel.[2] The board reasoned that Mr. Greenburg provoked the incident which culminated in the battery, but more importantly, escalated the situation into physical violence, which “seriously adversely reflects on the lawyer’s fitness to practice.” Accordingly, the board concluded that the baseline sanction applicable to Mr. Greenburg’s misconduct is suspension.
The board found the following aggravating factors are present: substantial experience in the practice of law and illegal conduct (as to Mr. Greenburg only). The board found the record supports the following mitigating circumstances: absence of a prior disciplinary record and imposition of other penalties or sanctions.
Considering these factors, the board determined that a downward deviation to a reprimand is appropriate for Mr. Lewis, as recommended by the hearing committee. The ODC does not oppose a public reprimand for Mr. Lewis, and the record supports two circumstances in mitigation and only one in aggravation. Therefore, the board recommended that Mr. Lewis be publicly reprimanded.
1 gHowever, the board concluded Mr. Greenburg’s situation is different. His exchange of vulgarities with Mr. Lewis was not his only misconduct: he was also convicted of the crime of simple battery upon Mr. Lewis. Because he committed the battery during a hearing in open court, the board found the particular mitigating circumstances here do not justify a downward deviation from the baseline sanction of suspension. Accordingly, the board turned to a discussion of what duration of suspension is appropriate.
In In re: Thomas, 03-2738 (La.2/25/04), 976 So.2d 1245, the respondent engaged in a post-hearing physical altercation with opposing counsel in a hallway outside a judge’s chambers. For the altercation, plus five additional instances of misconduct, the court imposed a three-year suspension from the practice of law.
*808 In In re: Estiverne, 99-0949 (La.9/24/99), 741 So.2d 649, the court imposed a one year and one day suspension upon an attorney who threatened opposing counsel with a firearm after a deposition. The board noted that in Mr. Greenburg’s case, the battery he committed did not involve a dangerous weapon; however, a major rationale for the court’s decision in Estiveme squarely applies here: “We accept the fact that Mr. Bonnaffons [Mr. Estiverne’s opposing counsel] was responsible for initiating the confrontation by encouraging respondent to ‘step outside’ and settle their dispute ‘man to man.’ However, when respondent left the room and returned with the gun, he became the aggressor.” Thus, even assuming Mr. Greenburg was baited by Mr. Lewis, an assumption the board noted was not supported by the record, the court in Esti-veme has made it clear that a lawyer who turns a verbal argument into a physical encounter is culpable as an aggressor, warranting a significant period of actual suspension.
In light of the violent nature of Mr. Greenburg’s misconduct, the board found the applicable mitigating circumstances do not warrant “a major downward deviation” | infrom the baseline sanction of a one year and one day suspension. Accordingly, the board recommended that Mr. Greenburg be suspended from the practice of law for one year and one day.
Mr. Greenburg filed an objection to the disciplinary board’s recommendation.[3] Accordingly, the case was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The underlying facts of this matter are not seriously in dispute. Mr. Lewis and Mr. Greenburg exchanged vulgarities with each other during a hearing in open court. This behavior is unprofessional on the part of both respondents and rises to the level of a violation of Rules 3.5(d) and 8.4(d) of the Rules of Professional Conduct. Mr. Greenburg then escalated the exchange into physical violence by committing a battery upon Mr. Lewis, in violation of Rule 8.4(b). This stunning lack of decorum and civility occurred in open court, in front of lawyers, court personnel, and ordinary Indtizens of Terre-bonne Parish. Such conduct undermines public confidence in and respect for the legal system, and it cannot be condoned by this court.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondents’ actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana *809 State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).

Mr. Lewis

Under Standard 6.22 of the ABA’s Standards for Imposing Latmjer Sanctions, the baseline sanction applicable to Mr. Lewis’ conduct is suspension. In aggravation, Mr. Lewis has substantial experience in the practice of law (admitted 1986). As mitigating factors, we recognize the absence of a prior disciplinary record and imposition of other penalties or sanctions. Considering these circumstances, and the absence of any objection by the ODC to the recommended sanction, we agree with the hearing committee and the disciplinary board that a downward deviation to a public reprimand is appropriate for Mr. Lewis.

Mr. Greenburg

Under Standard 6.22 of the ABA’s Standards for Imposing Lawyer Sanctions, the baseline sanction applicable to Mr. Greenburg’s conduct is suspension. In aggravation, Mr. Greenburg has substantial experience in the practice of law 112(admitted 1973). As mitigating factors, we recognize the absence of a prior disciplinary record, cooperative attitude toward the disciplinary proceedings, character or reputation, imposition of other penalties or sanctions, and remorse.
Because Mr. Greenburg’s conduct in physically assaulting opposing counsel in front of a judge during a court hearing is so much more egregious than Mr. Lewis’ conduct, we will not deviate downward from the baseline in Mr. Greenburg’s case. Rather, we will impose a six-month period of suspension upon Mr. Greenburg. In light of the substantial mitigating factors present, however, we will defer all but thirty days of the suspension on the condition that Mr. Greenburg successfully complete an anger management counseling program approved by the ODC.
DECREE
Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Douglas H. Greenburg, Louisiana Bar Roll number 2235, be and he hereby is suspended from the practice of law for six months. It is further ordered that all but thirty days of the suspension shall be deferred, subject to the conditions set forth in this opinion. It is further ordered that Anthony P. Lewis, Louisiana Bar Roll number 17318, be and he hereby is publicly reprimanded. All costs and expenses in the matter are assessed against respondents in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
TRAYLOR, J., concurs in part and dissents in part with reasons.

. Mr. Lewis sought supervisory review of the contempt ruling, but his writ applications were denied. See Williams v. Jones, 06-1085 (La.App. 1st Cir.7/24/06), — So.3d-, writ denied, 06-1815 (La.7/27/06), 934 So.2d 704.

. Standard 5.11 suggests that disbarment is appropriate when a lawyer engages in “serious criminal conduct’’ involving, for example, fraud, extortion, theft, the sale or distribution of controlled substances, or the intentional killing of another. Standard 5.12 provides for suspension “when a lawyer knowingly engages in i criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer’s fitness to practice.”

. Mr. Lewis did not file an objection.