PER CURIAM.*
11 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Leonard Cardenas, III.
UNDERLYING FACTS
On July 19, 2006, respondent was arrested and booked with domestic abuse battery and domestic abuse child endangerment following an incident at the home he shared with his wife. On September 12, 2006, the East Baton Rouge Parish District Attorney’s Office filed a bill of information charging respondent with one misdemeanor count of domestic abuse battery (child endangerment), a violation of La. R.S. 14:35.3(I).[2] Specifically, the bill of information alleged that on July 19, 2006, respondent “committed a battery upon Belinda Cardenas, another member of |2the same household, while a minor child, twelve years of age or younger, was present at the residence at the time ■ of the commission of the offense.”
The case proceeded to a bench trial on April 4, 2007, during which the State presented other crimes evidence relating to a physical altercation between respondent and Ms. Cardenas occurring in February 2006 in Las Vegas, Nevada. Following the trial, respondent was found guilty as charged. On November 14, 2007, respondent was sentenced to serve six months in parish prison, with credit for time served. The court suspended all but sixty days of the jail portion of the sentence, to be served as home incarceration. Respondent was also fined $500 plus court costs and placed on active supervised probation for one year with special conditions, including the requirement that he (1) serve two days in parish prison, (2) perform 40 hours of community service work, (3) attend and complete a court-approved domestic abuse prevention program, (4) not own or possess any firearm during the probationary period, (5) have no contact with the victim or the victim’s family, (6) remain alcohol and drug free during the probationary period, and (7) submit to random alcohol and drug testing during the probationary period.[3]
DISCIPLINARY PROCEEDINGS
In December 2007, following respondent’s criminal conviction, the ODC filed a petition for interim suspension in this *611 court. On January 3, 2008, the court declined to impose an interim suspension. In re: Cardenas, 07-2389 (La.1/3/08), 973 So.2d 722 (Kimball, J., and Traylor, J., recused).
In May 2009, the ODC filed one count of formal charges against respondent, alleging that by his actions as set forth above he has committed a criminal act in | ¿violation of Rule 8.4(b) of the Rules of Professional Conduct. At the time the formal charges were filed, respondent’s appeal of his conviction was still pending. Respondent answered the formal charges in June 2009 and denied he committed a criminal act, citing the pending appeal.
Following the filing of respondent’s answer, this matter was set for a formal hearing before a hearing committee. However, prior to the hearing, respondent moved for a stay of the disciplinary proceeding until such time as the appeals of his criminal conviction were exhausted. This request was granted by the hearing committee chair over the ODC’s objection.
On January 29, 2010, this court denied the writ application filed by respondent in his criminal case. State v. Cardenas, 09-2467 (La.1/29/10), 25 So.3d 827. The formal charge matter was then reset for hearing on May 21, 2010. Respondent appeared at the hearing and was the only witness to testify in person before the hearing committee.

Hearing Committee Report

After consideration of the evidence and testimony presented at the hearing, the hearing committee found respondent’s conviction for domestic abuse battery (child endangerment) is conclusive proof of his commission of the essential elements of the offense. Respondent stipulated at the hearing to his conviction and his violation of Rule 8.4(b). The committee noted that all appeals have been exhausted from respondent’s conviction, and that respondent met the requirements of his sentence. The committee further noted that one of the elements of La. R.S. 14:35.3(1) is the intentional use of force, as opposed to a negligent act. Accordingly, the committee found that by statute, “the circumstances indicate that Respondent actively desired the |4prescribed criminal consequences to follow his actions and, in the ordinary course of human experience, he must have adverted to the prescribed criminal consequences as were reasonably certain to result from his actions.”
The committee determined that by his conduct, respondent violated duties owed to the public, the legal system, and the profession. He acted intentionally and caused injury to the victim that was not insignificant, but fortunately he did not cause any serious physical injuries. Relying on the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined the applicable baseline sanction in this matter is suspension.
The committee found the following aggravating factors are present: vulnerability of the victim and substantial experience in the practice of law (admitted 1987). In mitigation, the committee recognized the following factors: absence of a prior disciplinary record,[4] absence of a dishonest or selfish motive, a cooperative attitude toward the proceedings, character or reputation, and the imposition of other penalties or sanctions. The committee specifically *612 refused to find remorse as a mitigating factor, noting that although respondent testified he was remorseful, he still appeared to resist the wrongful nature of his conduct.
In formulating its recommendation for an appropriate sanction, the committee observed that respondent’s actions leading to his conviction demonstrated extremely poor judgment. Respondent testified that he had been depressed after his first divorce and sought psychological counseling off and on for a period of time, but as of the date of the hearing, respondent had not seen the psychologist for over a year. Meanwhile, in the same year, respondent began and ended a third marriage. Although respondent |stestified that he believed he had exhausted the benefits of counseling, the committee disagreed, stating, “Questions remain about the potential recurrence of Respondent’s depression and related issues involving judgment and decision making skills.”
Considering the foregoing findings, the committee recommended respondent be suspended from the practice of law for ninety days, with all but thirty days deferred, followed by an eighteen-month period of probation. The committee further recommended that during the probationary period, respondent shall remain “arrest and conviction free” and shall participate in at least monthly counseling with a psychiatrist or psychologist “for personal judgment and decision making skills.”
Both respondent and the ODC objected to the hearing committee’s report.

Disciplinary Board Recommendation

, After reviewing the record of this matter, the disciplinary board found the facts of respondent’s conviction for domestic abuse battery (child endangerment) have been conclusively proven against him, and that respondent violated Rule 8.4(b) of the Rules of Professional Conduct. The board determined respondent violated duties owed to the public, and that by its very nature, his conduct was knowing and intentional. Although respondent’s criminal actions did not result in serious physical harm, the board found this fact does not diminish the potentially serious psychological and emotional harm perpetrated upon the victims of the crime. The reputation of the legal profession is likewise harmed whenever a lawyer commits a crime of violence. Relying on the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the applicable baseline sanction in this matter is suspension.
The board found the following aggravating factors are present: prior disciplinary offenses, vulnerability of the victim, substantial experience in the | (¡practice of law, and illegal conduct. In mitigation, the board recognized the following factors: absence of a dishonest or selfish motive, a cooperative attitude toward the proceedings, character or reputation, and the imposition of other penalties or sanctions.
Reviewing the prior jurisprudence of this court, the board noted that cases involving violent conduct by a lawyer have generally resulted in at least a one year and one day suspension, without any portion of the suspension deferred. However, the board found the facts of the prior cases to be more egregious than the facts of this matter, which involves one instance of battery which occurred in respondent’s private residence. Moreover, the record contains sufficient evidence that respondent’s relationship with his former wife was volatile, which the board found “leaves sufficient ambiguity as to the circumstances and stress-factors that led to the unfortunate instance of domestic battery.”
Considering the foregoing findings, and the prior jurisprudence of this court, the board determined it is appropriate to devi *613 ate downward from the baseline sanction of a one year and one day suspension. Accordingly, the board recommended respondent be suspended from the practice of law for one year. The board further recommended that six months of the suspension be deferred in consideration of the mitigating factors present in this case. The board also recommended that respondent be placed on supervised probation for two years, subject to the conditions recommended by the hearing committee.
Neither respondent nor the ODC filed a timely objection in this court to the disciplinary board’s recommendation. However, after the expiration of the time for filing objections under Supreme Court Rule XIX, § 11(G)(1), respondent sought to file a “late” objection. On March 2, 2011, we issued an order rejecting respondent’s 17objection as untimely and therefore procedurally improper, but permitting the filing of briefs, without oral argument. Respondent and the ODC both filed briefs in response to the court’s order.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). When the disciplinary proceedings involve an attorney who has been convicted of a crime, the conviction is conclusive evidence of guilt and the sole issue presented is whether respondent’s crimes warrant discipline, and if so, the extent thereof. Supreme Court Rule XIX, § 19(E); In re: Boudreau, 02-0007 (La.4/12/02), 815 So.2d 76; Louisiana State Bar Ass’n v. Wilkinson, 562 So.2d 902 (La.1990). The discipline to be imposed depends on the seriousness of the offense and the extent of the aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Perez, 550 So.2d 188 (La.1989).
In this matter, respondent has been convicted of one misdemeanor count of domestic abuse battery (child endangerment). He concedes his conduct constitutes a violation of Rule 8.4(b) of the Rules of Professional Conduct, as charged in the formal charges. Therefore, the only issue before the court is the appropriate sanction for respondent’s misconduct.
By its very nature, respondent’s criminal conduct was intentional. He violated duties owed to the public, the legal system, and the legal profession, causing actual harm. Considering Standard 5.12 of the ABA’s Standards for Imposing Lawyer Sanctions, the baseline sanction in this matter is suspension.[5]
|sThe record supports the following aggravating factors: prior disciplinary offenses, vulnerability of the victim, substantial experience in the practice of law, and illegal conduct. The following mitigating factors are supported by the record: a cooperative attitude toward the proceedings, character or reputation, and the imposition of other penalties or sanctions.
*614 Sanctions in cases dealing with attorneys who have engaged in violent conduct range from a year and a day suspension to disbarment. For example, in In re: Willis, 09-0211 (La.5/13/09), 8 So.3d 548, Mr. Willis was waiting with his girlfriend in a vehicle at the drive-up window of a fast food restaurant. Before their food arrived, Mr. Willis and his girlfriend began arguing. This led to a physical altercation between them wherein Mr. Willis hit and grabbed his girlfriend. He also poured beer on her and hit her over the head with the empty beer bottle. Mr. Willis was ultimately charged with two counts of simple battery, which charges were still pending at the time of the disciplinary matter. He was also charged with other professional misconduct, including neglecting a client’s bankruptcy matter, failing to refund an unearned fee and unused costs, failing to return the client’s documents upon the termination of the representation, and practicing law while ineligible to do so. For this misconduct, Mr. Willis was disbarred.
In In re: Sterling, 08-2399 (La.1/30/09), 2 So.3d 408, Mr. Sterling kicked in the door of his girlfriend’s apartment and then pushed and shoved her around the apartment.[6] He was subsequently convicted of unauthorized entry of an inhabited Indwelling, a felony, and placed on probation. Mr. Sterling was also charged with other professional misconduct, including failure to properly notify his clients of the interim suspension that followed his criminal conviction, failure to return a client’s file after he was placed on interim suspension, and transferring a client matter to another attorney without the consent of the client. For this misconduct, we imposed a two-year suspension from the practice of law.
In In re: Estiverne, 99-0949 (La.9/24/99), 741 So.2d 649, Mr. Estiverne became involved in an altercation with opposing counsel during a deposition. At some point, opposing counsel suggested to Mr. Estiverne that the two of them “step outside” and settle the matter “man to man.” Mr. Estiverne left the office and reappeared a few minutes later with an unloaded gun, allegedly threatening to kill opposing counsel. Finding Mr. Esti-verne’s use of a dangerous weapon created a clear potential for harm, we suspended him from the practice of law for one year and one day.[7]
Based on these cases, we find the board’s recommendation of a one-year suspension from the practice of law, with six months deferred, is appropriate. Respondent’s conduct is most similar to Sterling, although less egregious given that Mr. Sterling was convicted of a felony criminal charge in connection with his domestic incident, and the disciplinary proceeding involved additional lawyer misconduct not seen in the instant matter. Therefore, we will adopt the disciplinary board’s recommendation and suspend respondent from the practice of law for one 110year, with six months deferred, followed by a two-year period of supervised probation governed by the conditions suggested by the hearing committee.
*615 DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record and the briefs filed by the parties, it is ordered that Leonard Cardenas, III, Louisiana Bar Roll number 18162, be and he hereby is suspended from the practice of law for one year. Six months of the suspension shall be deferred, subject to respondent’s successful completion of a two-year period of supervised probation governed by the conditions set forth in the hearing committee’s report. The probationary period shall commence from the date respondent, the ODC, and the probation monitor execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
KIMBALL, C.J., recused.

 Kimball, C.J., recused.

. La. R.S. 14:35.3 provides in pertinent part as follows:
A. Domestic abuse battery is the intentional use of force or violence committed by one household member upon the person of another household member without the consent of the victim.
[[Image here]]
I. This Subsection shall be cited as the "Domestic Abuse Child Endangerment Law.” When the state proves, in addition to the elements of the crime as set forth in Subsection A of this Section, that a minor child thirteen years of age or younger was present at the residence or any other scene at the time of the commission of the offense, of the sentence imposed by the court, the execution of the minimum mandatory sentence ... shall not be suspended, ...

. Respondent testified at the formal charge hearing that his probation was satisfactorily terminated in May 2010.

. Respondent was previously the subject of a complaint alleging that he failed to obtain a signed contingent fee agreement from his client in a personal injury matter. The ODC referred the complaint to diversion, which respondent successfully completed. Supreme Court Rule XIX, § 10A(9) provides that a diversion may be used as evidence of prior discipline in a subsequent proceeding.

. Under Standard 5.12, suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer’s fitness to practice law. Cf. Standard 5.11, which provides for disbarment when: (a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or the sale, distribution or importation of controlled substances; or the intentional killing of another; or an attempt or conspiracy or solicitation of another to commit any of these offenses; or (b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice law.

. Following his arrest, Mr. Sterling sent telephone text messages to the victim which were found to be "intimidating and boastful" of his "ability to navigate the legal process,” but which were specifically found not to violate the Rules of Professional Conduct.

. But see In re: Greenburg, 08-2878 (La.5/5/09), 9 So.3d 802, in which Mr. Greenburg was convicted of the misdemean- or offense of simple battery after he attacked another attorney in open court. The court suspended Mr. Greenburg for six months, with all but thirty days deferred, subject to the condition that he complete an anger management counseling program.