*550 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
_JjThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Michael Shane Willis, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.
UNDERLYING FACTS

07-DB-Ob7

Between September 11, 2006 and January 5, 2007, respondent was ineligible to practice law due to his failure to pay his bar dues and the disciplinary assessment. Nonetheless, on October 20, 2006, he accepted the representation of Johnny Milton Johnson in a bankruptcy matter. Mr. Johnson paid respondent $1,074 in attorney’s fees and advanced costs. Thereafter, respondent failed to perform any work on Mr. Johnson’s behalf and failed to communicate with Mr. Johnson.
In December 2006, Mr. Johnson contacted respondent’s office to terminate the representation and to request a refund of his fees and a return of his documents. After receiving no response from respondent, Mr. Johnson hired attorney Romelzy Willis, who sent respondent a letter, dated January 11, 2007, requesting a refund and a return of Mr. Johnson’s documents. On January . 22, 2007, respondent’s secretary informed Mr. Willis that respondent would give Mr. Johnson a refund and return his documents. When Mr. Johnson did not receive the refund or the documents, Mr. |2WilIis faxed a second letter to respondent on January 29, 2007. In response to Mr. Willis’ letter, respondent asked for a written request directly from Mr. Johnson. Accordingly, Mr. Willis sent respondent a written request for a refund and return of documents signed by Mr. Johnson. Respondent failed to respond to Mr. Johnson’s letter.
In February 2007, Mr. Johnson filed a complaint against respondent with the ODC. Respondent failed to respond to the complaint, necessitating the issuance- of a subpoena to obtain his sworn statement. Numerous attempts to serve respondent with the subpoena were made by both the local sheriffs office and the ODC’s investigator, but these efforts were unsuccessful.

07-DB-081

On November 25, 2006, respondent and his girlfriend, Destinee Slayter, were waiting in a vehicle at the drive-up window of a fast food restaurant in Oberlin, Louisiana. While awaiting their order, respondent and Ms. Slayter began arguing. This led to a physical altercation between them wherein respondent hit and grabbed Ms. Slayter. Respondent then poured beer on Ms. Slay-ter and hit her over the head with the empty beer bottle. In response, Ms. Slay-ter hit respondent in the head with a beer bottle.
The police were summoned to the restaurant by an employee who witnessed the incident. The police took respondent to the police station, where he provided a written statement. He was then released due to his injuries;[1] however, a warrant was issued for his arrest, and the police instructed him to turn himself in the next morning. Respondent failed to do so, and *551 he failed to appear in court for his arraignment on RApril 8, 2007 on two counts of simple battery. Accordingly, the court issued a bench warrant for his failure to appear. As of the date of the filing of the formal charges, the criminal charges against respondent were still pending.[2]
Respondent failed to cooperate with the ODC in its investigation of this matter.
DISCIPLINARY PROCEEDINGS

Formal Charges

On September 5, 2007, the ODC filed the formal charges as set forth above in 07-DB-047. On December 14, 2007, the ODC filed the formal charges as set forth above in 07-DB-081. The ODC alleged that respondent’s conduct violated Rules 1.1(c) (failure to pay bar dues and the disciplinary assessment), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4(a) (failure to communicate with a client), 1.16(d) (obligations upon termination of the representation), 5.5(a) (engaging in the unauthorized practice of law), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct.
Respondent was served with both sets of formal charges via certified mail but failed to answer. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an oppor-tumty to file with the hearing committee written arguments and documentary ^evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After considering the ODC’s deemed admitted submissions, the hearing committee determined that the factual allegations contained in the two sets of formal charges have been deemed admitted and proven by clear and convincing evidence. The committee then made numerous factual findings, including the following:
Respondent was certified ineligible to practice law from September 11, 2006 to January 5, 2007 due to his failure to pay bar dues and the disciplinary assessment. On October 20, 2006, Mr. Johnson retained respondent to represent him in a bankruptcy matter. That same day, Mr. Johnson paid respondent $1,074 in attorney’s fees and advanced costs. Respondent subsequently failed to perform any work. He also failed to communicate with Mr. Johnson from November 2006 through January 22, 2007, despite Mr. Johnson’s multiple attempts to communicate with him. Mr. Johnson eventually terminated respondent’s representation and requested a refund of the funds paid as well as the return of his documents. Mr. Johnson received no response from respondent and, on January 5, 2007, retained another attorney to represent him. Despite repeated requests for a return of the funds and documents, respondent failed to remit the refund and failed to return Mr. Johnson’s documents. Respondent failed to cooperate with the ODC in its investigation of Mr. Johnson’s complaint.
On November 25, 2006, a witness saw respondent strike a female companion with *552 a beer bottle during a physical altercation at the drive-up window of a fast food restaurant in Oberlin, Louisiana. The police informed respondent that a warrant was |fito be issued for his arrest and that it would be best if he turned himself in. However, respondent failed to do so and failed to appear in court for his arraignment on April 3, 2007. The January 4, 2007 edition of the Oakdale Journal reported that respondent was arrested on December 22, 2006 for aggravated and simple battery.
Based on these findings, the committee determined that respondent violated Rules 1.1(c), 1.3, 1.4(a), 1.16(d), 5.5(a), 8.1(c), 8.4(a), 8.4(b), and 8.4(c) of the Rules of Professional Conduct. The committee stated:
The Respondent acted in a manner which clearly violated his legal and ethical obligations and knowingly and intentionally engaged in conduct prejudicial to the administration of justice, all of which resulted in substantial harm to his client, the legal profession, the State of Louisiana and others, and demonstrates a fundamental lack of moral character on the Respondent’s part, as well as adversely reflects upon the Respondent’s fitness to practice.
After evaluating the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined that the baseline sanction for respondent’s misconduct is disbarment.
The committee found the following aggravating factors present: a dishonest or selfish motive, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victim, and indifference to making restitution. The only mitigating factor found by the committee is the absence of a prior disciplinary record.
Under these circumstances, the committee recommended that respondent be disbarred and be required to refund $1,074 to Mr. Johnson.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommended sanction.
| aDisciplinary Board Recommendation
After review, the disciplinary board determined that the hearing committee’s findings do not appear to be manifestly erroneous. The board also determined that the committee properly applied the Rules of Professional Conduct.[3] Therefore, the board adopted the rule violations found by the committee.
The board further determined that respondent knowingly and intentionally violated duties owed to his client, the public, and the legal profession. Respondent caused serious actual harm to Mr. Johnson by failing to return his documents and the $1,074 fee. Respondent also caused actual harm to Ms. Slayter by striking her with his hands and a beer bottle, which further caused a high risk of serious harm given what could result from a blow to the head from a beer bottle. Finally, respondent’s refusal to cooperate with the ODC caused actual harm to the disciplinary system by causing the ODC to expend additional time and resources. The board agreed with the committee that disbarment is the baseline sanction.
*553 In aggravation, the board found a dishonest or selfish motive, multiple offenses, bad faith obstruction of the disciplinary-proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, vulnerability of the victim, and indifference to making restitution. The board agreed with the committee that the only mitigating factor is the absence of a prior disciplinary record.
Under these circumstances, the board recommended that respondent be disbarred and be ordered to pay restitution to Mr. Johnson.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
^DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992).
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The deemed admitted facts in this matter establish that respondent neglected Mr. Johnson’s bankruptcy matter, failed to communicate with his client, failed to refund an unearned fee and unused costs, failed to return his client’s documents upon termination of the representation, practiced law while ineligible to do so, and failed to cooperate with the ODC in its investigation. He also engaged in violent criminal conduct by hitting Ms. Slayter with his hands and a beer bottle. In acting as he did, respondent violated Rules 1.1(c), 1.3, 1.4(a), 1.16(d), 5.5(a), 8.1(c), and 8.4(b) of the Rules of Professional Conduct.
| ¡Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent knowingly and intentionally violated duties owed to his client, the public, and the legal profession. He caused actual harm to both Mr. Johnson and Ms. Slayter.
Sanctions in cases dealing with attorneys who have engaged in violent conduct range from a year and a day suspension to disbarment. Additionally, in the Johnson *554 matter, the ABA’s Standards for Imposing Lawyer Sanctions indicate that the baseline sanction is in the range of a suspension to disbarment. Specifically, Standard 4.11 (disbarment for knowingly converting client property and causing injury or potential injury to a client) and Standard 4.42(a) (suspension for knowingly failing to perform services for a client and causing injury or potential injury to a client) are applicable.
Given that respondent also practiced law while ineligible to do so, we find the appropriate baseline sanction is disbarment. The numerous aggravating factors present, and relative lack of mitigating factors, suggest that no downward deviation from the baseline is warranted.
| (Accordingly, we will adopt the disciplinary board’s recommendation and disbar respondent. We further order respondent to make full restitution to Mr. Johnson.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Michael Shane Willis, Louisiana Bar Roll number 28270, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. It is further ordered that respondent make full restitution to Johnny Milton Johnson of any unearned fees and unused costs. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. According to the police report, respondent required three stitches above his left eye where he was hit with the beer bottle.

. According to the court minutes, the charges were still pending on July 8, 2008 due to respondent's continued failure to appear for his arraignment.

. The board noted that the formal charges in 07-DB-047 (the Johnson matter) alleged respondent violated Rule 5.3(a) instead of 5.5(a). The board determined that this appears to have been a typographical error given the factual allegations in the formal charges. The board also noted that the committee corrected this error by concluding that respondent violated Rule 5.5(a) and not 5.3(a).