*453 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
| ¶ This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Thomas L. Crabson, an attorney licensed to practice law in Louisiana.
FORMAL CHARGES
In June 2011, Alfonso Belloso was backing his car out of a parking space at a Walmart store in Pompano Beach, Florida when he heard a car horn behind him. Unsure whether he had hit another vehicle, Mr. Belloso got out of his car and walked around to check for damage. As he did so, a man later identified as respondent exited his own vehicle and began screaming profanities at Mr. Belloso. Respondent then approached Mr. Belloso and threw several punches at him, striking him once and leaving a bruise on his cheek. When Mr. Belloso’s wife tried to separate the two men, respondent pushed her away. Mr. Belloso’s wife called the police, at which time respondent fled the scene. Mr. Belloso pursued respondent until law enforcement officers were able to detain him. Respondent was arrested and charged with simple battery, a misdemeanor.
In August 2011, in proceedings in the Broward County district court, respondent entered a plea of no contest to the battery charge. He was sentenced to six months of supervised probation and ordered to undergo a substance abuse Revaluation, com-píete recommended treatment, and participate in an eight-hour anger management course.
In November 2011, respondent submitted a reply to the ODC’s inquiry concerning the altercation. In his response, respondent claimed that Mr. Belloso had been the aggressor in the incident; however, according to respondent, “[r]ather than turn this minor incident into a full blown trial, I elected to plead no contest....” Respondent also stated that pursuant to the terms of his probation, he was undergoing a substance abuse evaluation and attending an anger management program.
The ODC subsequently mailed respondent two letters requesting that he provide a copy of the records of his probation-related evaluation and treatment. At the time of the filing of the formal charges, respondent had failed to provide the requested records.
DISCIPLINARY PROCEEDINGS
In May 2012, the ODC filed formal charges against respondent, alleging that his conduct as set forth above violated Rules 4-8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority), 4-8.4(a) (violation of the Rules of Professional Conduct), and 4-8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer) of the Florida Rules of Professional Conduct.[1]
*454 ^Respondent was served with the formal charges via certified mail but failed to answer. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions.
Both the ODC and respondent filed submissions for the hearing committee’s consideration. In respondent’s submission, he explained that he had not responded to the formal charges because most of the factual allegations were “fairly accurate.” However, respondent did dispute the assertion that Mr. Belloso’s wife had been involved in the altercation, and he again maintained that Mr. Belloso was the aggressor in the incident:
[Mr. Belloso’s wife] was a guest passenger in Belloso’s vehicle and did not leave the vehicle during this altercation. She was never pushed or shoved by either myself or ... my guest passenger.
I was a 61 year old male trying to defend myself against a 27 year old male charging at me as though he was going to tackle me....
Respondent further explained that he had cooperated with the ODC during these proceedings with the exception of providing his treatment records, which he initially thought were privileged and confidential. Respondent stated that once he learned otherwise, he supplied the records to the ODC “as soon as they were made available to me.” Finally, respondent confirmed that after he completed the required substance abuse evaluation and anger management counseling, his probation was satisfactorily terminated and the battery charge was dismissed.

_|¿Hearing Committee Report

After considering the submissions of the parties, the hearing committee found that all facts as set forth in the formal charges are deemed admitted and proven. Based on these facts, the committee determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The committee further determined that suspension is the applicable baseline sanction in this matter. As aggravating factors, the committee found the following: a prior disciplinary record,[2] bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, and substantial experience in the practice of law (admitted 1981). In mitigation, the committee acknowledged that other penalties or sanctions have been imposed against respondent in connection with his criminal conviction.
Considering these factors, and the prior jurisprudence of this court, the committee recommended that respondent be suspended from the practice of law for one year and one day.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After review, the disciplinary board agreed with the hearing committee that the factual allegations of the formal charges are deemed admitted and proven by clear and convincing evidence. The board also agreed with the committee that *455 respondent violated the Rules of Professional Conduct as charged.
|fiThe board determined that respondent knowingly violated duties owed to the public and to the profession. The physical altercation caused actual injury to Mr. Bel-loso. Likewise, the reputation of the legal profession is harmed whenever a lawyer commits a crime of violence. The applicable baseline sanction in this matter is suspension.
As aggravating factors, the board found the following: a prior disciplinary record, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, substantial experience in the practice of law, and illegal conduct. The board found the only mitigating factor supported by the record is the imposition of other penalties or sanctions.
The board observed that sanctions in cases concerning attorneys who have engaged in violent conduct range from suspension to disbarment.[3] Considering re *456 spondent’s misconduct in light of this prior jurisprudence, the board concluded:
|fiThe misconduct exhibited in Estiveme and Redd appears to be more egregious than Respondent’s behavior. The level of violence perpetuated by Respondent seems to be similar to that exhibited by Mr. Greenburg, who was similarly convicted of a simple battery misdemeanor. The In re Cardenas matter is also similar in that it likewise involved a single incident resulting in a misdemeanor domestic abuse charge. Like Mr. Cardenas, Respondent’s violent act did not occur within the context of practicing law. Nevertheless, Mr. Crabson’s seemingly unprovoked act of violence occurred in a public "place against an unsuspecting member of the public. Mr. Crabson’s extreme reaction to what appears to be a relatively minor incident calls into question his fitness to practice law. Unfortunately the practice of law is often contentious and requires that members of the Bar remain calm and professional as they contend daily with trying and challenging circumstances. Mr. Crabson’s exhibited violence in this matter is a likely indicator of his inability to handle himself professionally in stressful or difficult circumstances while practicing law. Therefore, Mr. Crabson must go through the reinstatement process to ensure that he is fit to practice law.
Accordingly, the board recommended that respondent be suspended from the practice of law for one year and one day. The board also recommended that respondent be assessed with all costs and expenses of these proceedings.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
IvDISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The record in this deemed admitted matter supports a finding that respondent was convicted of the crime of battery, and subsequently failed to cooperate with the ODC in its investigation. Based on these facts, respondent has violated the *457 Rules of Professional Conduct as charged by the ODC.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any 18aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
By its very nature, respondent’s criminal conduct was intentional. He violated duties owed to the public and the legal profession, causing actual harm. Considering Standard 5.12 of the ABA’s Standards for Imposing Lawyer Sanctions, the baseline sanction in this matter is suspension.[4]
The record supports the following aggravating factors: a prior disciplinary record, refusal to acknowledge the wrongful nature of the conduct, substantial experience in the practice of law, and illegal conduct. The only mitigating factor present is the imposition of other penalties or sanctions in connection with the criminal proceeding.
As the board noted, sanctions in cases dealing with attorneys who have engaged in violent conduct range from a period of suspension to disbarment. While we do not believe respondent’s conduct was serious enough to warrant a sanction on the higher end of this range, we agree with the board that respondent should be required to prove his fitness to practice law prior to seeking reinstatement. Accordingly, we will accept the board’s recommendation and suspend respondent from the practice of law for one year and one day.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Thomas L. IsCrabson, Louisiana Bar Roll number 4538, be and he hereby is suspended from the practice of law for a period of one year and one day. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Rule 8.5(a) of the Louisiana Rules of Professional Conduct provides that a lawyer admitted to practice in Louisiana "is subject to the disciplinary authority of this jurisdiction, regardless of where the lawyer’s conduct occurs.” As to the choice of which jurisdiction's rules of professional conduct are to be applied in such circumstances, Rule 8.5(b)(2) states that the rules of the jurisdiction in which the lawyer’s conduct occurred shall apply ”[i]n any exercise of the disciplinary authority of this jurisdiction.”
In this case, respondent is admitted to practice in Louisiana, while his misconduct occurred in Florida. Therefore, respondent is subject to the disciplinary authority of this court, but the Florida Rules of Professional Conduct apply.

. In 2002, respondent was admonished by the disciplinary board for practicing law while ineligible to do so.

. For example, in In re: Cardenas, 11-0031 (La.5/6/11), 60 So.3d 609, Mr. Cardenas struck his estranged wife in the presence of their minor child. He was subsequently convicted of domestic abuse battery (child endangerment), a misdemeanor, and placed on probation. For this conduct, the court suspended Mr. Cardenas for one year, with six months deferred, followed by a two-year period of probation.
In In re: Willis, 09-0211 (La.5/13/09), 8 So.3d 548, Mr. Willis was waiting with his girlfriend in a vehicle at the drive-up window of a fast food restaurant. Before their food arrived, Mr. Willis and his girlfriend began arguing. This led to a physical altercation between them wherein Mr. Willis hit and grabbed his girlfriend. He also poured beer on her and hit her over the head with the empty beer bottle. Mr. Willis was ultimately charged with two counts of simple battery, which charges were still pending at the time of the disciplinary matter. He was also charged with other professional misconduct, including neglecting a client's bankruptcy matter, failing to refund an unearned fee and unused costs, failing to return the client's documents upon the termination of the representation, and practicing law while ineligible to do so. For this misconduct, Mr. Willis was disbarred.
In In re: Greenburg and Lewis, 08-2878 (La.5/5/09), 9 So.3d 802, Mr. Lewis and Mr. Greenburg represented opposing parties in a bitterly contested succession matter pending in Terrebonne Parish. While appearing in open court for a motion hearing, Messrs. Lewis and Greenburg exchanged vulgarities, following which Mr. Greenburg grabbed Mr. Lewis’s suit jacket, and both men fell to the floor. Mr. Greenburg was subsequently convicted of the misdemeanor offense of simple battery arising out of this altercation. In response to the formal charges filed against both lawyers, the court suspended Mr. Green-burg from the practice of law for a period of six months, with all but thirty days deferred, subject to the condition that he complete an anger management counseling program. The court publicly reprimanded Mr. Lewis.
In In re: Sterling, 08-2399 (La. 1/30/09), 2 So.3d 408, Mr. Sterling kicked in the door of his girlfriend’s apartment and then pushed and shoved her around the apartment. He was subsequently convicted of unauthorized entry of an inhabited dwelling, a felony, and placed on probation. Mr. Sterling was also charged with other professional misconduct, including failure to properly notify his clients of the interim suspension that followed his criminal conviction, failure to return a client’s file after he was placed on interim suspension, and transferring a client matter to another attorney without the consent of the client. For this misconduct, the court imposed a two-year suspension from the practice of law.
In In re: Estiverne, 99-0949 (La.9/24/99), 741 So.2d 649, Mr. Estiveme became involved in an altercation with opposing counsel during a deposition. At some point, opposing counsel suggested to Mr. Estiveme that the two of them "step outside" and settle the matter “man to man." Mr. Estiveme left the office and reappeared a few minutes later with an unloaded gun, allegedly threatening to kill opposing counsel. Finding Mr. Esti-verne’s use of a dangerous weapon created a clear potential for harm, the court suspended him for one year and one day.
*456 In In re: Redd, 95-1472 (La.9/15/95), 660 So.2d 839, Mr. Redd was suspended for one year and one day following his conviction of simple battery. Mr. Redd was employed as the legal advisor to the Baton Rouge Police Department, and his position involved issuing permits to exotic dancers. The conviction arose when he touched the breasts of permit applicants and photographed them without their consent.

. Under Standard 5.12, suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer’s fitness to practice law. Cf. Standard 5.11, which provides for disbarment when: (a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or the sale, distribution or importation of controlled substances; or the intentional killing of another; or an attempt or conspiracy or solicitation of another to commit any of these offenses; or (b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer’s fitness to practice law.