# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #005

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **30th day of January, 2019**, are as follows:

**PER CURIAM**:

2018-B-1333          IN RE: FELIX DEJEAN, IV

Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Felix Anthony DeJean IV, Louisiana Bar Roll number 25028, be and he hereby is suspended from the practice of law for a period of one year and one day.  All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.

Retired Judge Benjamin Jones, assigned as Justice ad hoc, sitting for Weimer, J., recused.

Retired Judge Burrell Carter, assigned as Justice ad hoc, sitting for Genovese, J., recused.

01/30/19

SUPREME COURT OF LOUISIANA

NO. 2018-B-1333

IN RE: FELIX DeJEAN, IV

ATTORNEY DISCIPLINARY PROCEEDING

PER CURIAM[*]

This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Felix Anthony DeJean, IV, an attorney licensed to practice law in Louisiana.

**PRIOR DISCIPLINARY HISTORY**

Before we address the current charges, we find it helpful to review respondent's prior disciplinary history. After being admitted to the practice of law in Louisiana in 1997, respondent's first encounter with the disciplinary system occurred in 2006, when he consented to a two-year period of probation imposed by the disciplinary board for "physical altercations and behaviors" caused by his bipolar disorder,[1] Attention Deficit Hyperactivity Disorder, and prior use of marijuana and alcohol. *In re: DeJean*, 06-DB-057 (11/10/06). As a condition of probation, respondent and the ODC agreed that he would execute a two-year contract with the Judges and Lawyers Assistance Program ("JLAP"). Respondent successfully complied with his obligations under the JLAP contract, and in November 2008, the ODC notified respondent that his probation had been successfully concluded.

---

[*] Retired Judge Benjamin Jones, assigned as Justice Ad Hoc, sitting for Weimer, J., recused; Retired Judge Burrell Carter, assigned as Justice Ad Hoc, sitting for Genovese, J., recused.

[1] Medical records introduced into evidence at the board panel hearing in the instant matter reflect that respondent is not currently diagnosed as bipolar.

In December 2009, respondent was twice admonished by the disciplinary board for failing to properly address fee disputes with clients. *In re: DeJean*, 09-ADB-018 (12/1/09) (client Leother Dupas), and *In re: DeJean*, 09-ADB-019 (12/1/09) (client Jerriel Bazile).

In April 2010, this court accepted a joint petition for consent discipline and publicly reprimanded respondent in *In re: DeJean*, 10-0712 (La. 4/30/10), 35 So. 3d 253. The misconduct at issue in that matter involved allegations that respondent relied upon the false representations of his client and failed to verify the identity of the parties who appeared before him for the purpose of executing a notarial renunciation.

In 2013, the disciplinary board publicly reprimanded respondent for engaging in conduct prejudicial to the administration of justice when he acted in an abusive and threatening manner towards the opposing party during a settlement conference. Respondent sought review of the board's ruling in this court. We affirmed the board's ruling as correct. *In re: DeJean*, 13-2311 (La. 1/10/14), 131 So. 3d 36.

Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.

**UNDERLYING FACTS**

On March 19, 2015, respondent was present in the chambers of Judge Kathy Johnson of the Seventh Judicial District Court for the Parish of Concordia for a conference in a criminal case. Also present in chambers were the District Attorney, Bradley Burget, and First Assistant District Attorney Ann Siddall.

At the conclusion of the conference, as the parties were leaving the judge's chambers, a physical altercation occurred. Mr. Burget claims that respondent exchanged words with him, physically confronted him and "chest bumped" him.

2

Respondent claims that Mr. Burget instigated the altercation and that he acted in self-defense.

Respondent was subsequently charged with simple battery in connection with the altercation.[2] On July 14, 2016, a trial was held before Retired Justice Chet Traylor, sitting as judge ad hoc. The state called the following witnesses to testify: Judge Johnson, Ms. Siddall, the judge's assistant, Julie Colclasure, court reporter Leona Paul, and Mr. Burget. Respondent testified in his own defense and on cross-examination by the state. At the conclusion of testimony and the closing argument of counsel, Justice Traylor found respondent guilty as charged of simple battery upon Mr. Burget. In oral reasons for judgment, Justice Traylor stated that he found the State had carried its burden of proof beyond a reasonable doubt; to find otherwise "would be to ignore the testimony of all the witnesses."

After taking sentencing under advisement, Justice Traylor sentenced respondent to serve six months in the parish prison, suspended, and placed him on eighteen months active supervised probation with special conditions. Among other conditions of probation, respondent was required to submit to a psychological evaluation by Dr. John W. Thompson, Jr., M.D.[3] at his own cost and enroll in and successfully complete an anger management program.

Respondent sought appellate review of his conviction. The court of appeal denied his application, as did this court.[4]

---

[2] La. R.S. 14:35(A) provides that simple battery is a battery committed without the consent of the victim. La. R.S. 14:33 defines battery as "the intentional use of force or violence upon the person of another…"

[3] Dr. Thompson is a board-certified psychiatrist and forensic neuropsychiatrist. He serves as the chair of the Department of Psychiatry and Behavioral Sciences and the Director of the Division of Forensic Neuropsychiatry at Tulane University School of Medicine.

[4] *See State v. DeJean*, 16-0789 (La. App. 3rd Cir. 1/25/17) ___ So. 3d ___, *writ denied*, 17-0369 (La. 4/13/17), 218 So. 3d 626 (Weimer and Genovese, JJ., recused).

**DISCIPLINARY PROCEEDINGS**

In August 2016, the ODC filed formal charges against respondent, alleging that his conduct violated the following provisions of the Rules of Professional Conduct: Rules 8.4(b) (commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer) and 8.4(d) (engaging in conduct prejudicial to the administration of justice).

Respondent answered the formal charges and admitted that he was convicted of simple battery. However, he denied that he violated the Rules of Professional Conduct. Respondent maintained that he was not the aggressor in the incident with Mr. Burget and reiterated that "his actions were in self-defense of words and deeds by Burget."

*Hearing Committee Report*

This matter proceeded to a hearing in mitigation conducted by the hearing committee in August 2017. Based upon the evidence and testimony presented at the hearing, the hearing committee made the following findings of fact:

To establish a context for mitigation, respondent testified that during the trial of his client on drug charges, after respondent repeatedly referenced an earlier arrest of his client, to which Mr. Burget objected, a mistrial was declared. The battery incident occurred in chambers two months later, on a date on which motions were scheduled to be heard. While in chambers, respondent "chest bumped" Mr. Burget, and as a result, he was convicted of simple battery. For this misdemeanor conviction, respondent was sentenced to six months imprisonment, suspended, eighteen months of supervised probation and a fine. He was also ordered to complete an anger management program, to continue to take his prescribed medication, and to see Dr. Thompson every three months. Respondent completed the anger management program and complied with the required visits with Dr. Thompson. Respondent also

4

continues to see Dr. Burl Forgey, a psychiatrist who has treated him for over fifteen years, every three months.

Prior to his criminal trial, respondent filed a civil suit against Mr. Burget for damages arising out of the battery incident. Respondent described the suit as trying to claim his innocence in mitigation of his criminal conviction. The suit remains pending.

Based on these facts, the committee found that respondent violated Rules 8.4(b) and 8.4(d), as charged in the formal charges. In failing to conduct himself with the dignity and decorum demanded of a lawyer, respondent violated duties owed to the public, the legal system, and the profession, diminishing public trust and respect for the profession and the judicial system. Respondent's conduct was presumably intentional; he did not claim that he acted as a result of any mental impairment or substance influence. While respondent's misconduct caused no actual physical harm, it did impair the public reputation of the profession and the judicial system.

In aggravation, the committee found the following factors: a prior disciplinary record and substantial experience in the practice of law. The committee did not recognize any mitigating factors.

In formulating a recommendation for an appropriate sanction, the committee considered *In re: Greenburg & Lewis*, 08-2878 (La. 5/5/09), 9 So. 3d 802. Mr. Lewis and Mr. Greenburg represented opposing parties in a bitterly contested succession matter. While appearing in open court for a motion hearing, Messrs. Lewis and Greenburg exchanged vulgarities, following which Mr. Greenburg grabbed Mr. Lewis's suit jacket, and both men fell to the floor. Mr. Greenburg was subsequently convicted of the misdemeanor offense of simple battery arising out of this altercation. In response to the formal charges filed against both lawyers, neither of whom had a prior disciplinary record, the court suspended Mr. Greenburg from

5

the practice of law for six months, with all but thirty days deferred, subject to his participation in an anger management counseling program. The court publicly reprimanded Mr. Lewis.

At the other end of the spectrum is *In re: Estiverne*, 99-0949 (La. 9/24/99), 741 So. 2d 649. Mr. Estiverne became involved in an altercation with opposing counsel during a deposition. At some point, opposing counsel suggested to Mr. Estiverne that the two of them "step outside" and settle the matter "man to man." Mr. Estiverne left the office and reappeared a few minutes later with an unloaded gun, allegedly threatening to kill opposing counsel. Finding Mr. Estiverne's use of a dangerous weapon created a clear potential for harm, and considering that he had previously been admonished for harassing and unprofessional behavior, this court suspended him for one year and one day.

In light of the circumstances of this matter, the committee recommended that respondent be suspended from the practice of law for six months, with no period of deferral.

Respondent filed an objection to the severity of the sanction recommended by the hearing committee.

*Disciplinary Board Recommendation*

After reviewing this matter, the disciplinary board determined that the hearing committee's factual findings are not manifestly erroneous, and that the committee correctly found respondent violated the Rules of Professional Conduct as charged.

The board determined that respondent intentionally violated duties owed to the public, the legal system, and the profession by engaging in criminal conduct. Respondent's conduct did not cause actual harm, but the potential for physical harm to the person of Mr. Burget was present. Considering the ABA's *Standards for*

*Imposing Lawyer Sanctions*, the board found the applicable baseline sanction is suspension.

The board found the following aggravating factors are supported by the record: a prior disciplinary record, refusal to acknowledge the wrongful nature of the conduct,[5] substantial experience in the practice of law, and illegal conduct. In mitigation, the board recognized the following factors: full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings and the imposition of other penalties or sanctions.

Turning to the issue of an appropriate sanction, the board surveyed the prior cases of this court involving facts similar to those at issue here, and determined that respondent's conduct is most similar to the *Greenburg & Lewis* case cited by the hearing committee. However, the board felt this case involves more significant aggravating factors than were present in *Greenburg & Lewis*, primarily respondent's prior disciplinary history. The board noted that this is the third disciplinary matter in which the misconduct is related to respondent's failure to control his anger. Given this history, the board concluded that a one year and one day suspension, with no period of deferral, is warranted, as respondent will then be required to establish his fitness by clear and convincing evidence before returning to the practice of law. *See* Supreme Court Rule XIX, § 24.

Based on this reasoning, the board recommended respondent be suspended from the practice of law for one year and one day. Two board members dissented and would recommend a lesser period of suspension. The board also recommended that respondent be assessed with the costs and expenses of the proceeding.

---

[5] Respondent testified at the hearing that he respects his criminal conviction but nonetheless is innocent of the crime.

Respondent filed an objection to the disciplinary board's recommendation. Accordingly, the case was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).

**DISCUSSION**

Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. *In re: Banks*, 09-1212 (La. 10/2/09), 18 So. 3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee's factual findings. *See In re: Caulfield*, 96-1401 (La. 11/25/96), 683 So. 2d 714; *In re: Pardue*, 93-2865 (La. 3/11/94), 633 So. 2d 150.

In brief and argument before this court, respondent purports to accept the guilty verdict in the criminal proceeding but asserts he has not committed any misconduct, maintaining that Mr. Burget initiated this altercation or that respondent acted in self-defense. Respondent's arguments are not supported by the record. Rather, the record demonstrates in a clear and convincing fashion that respondent physically confronted Mr. Burget and "chest bumped" him during a conference in chambers. Based on these facts, respondent has violated the Rules of Professional Conduct as charged by the ODC.

Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. *Louisiana State Bar Ass'n v. Reis*, 513 So. 2d 1173

(La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. *Louisiana State Bar Ass'n v. Whittington*, 459 So. 2d 520 (La. 1984).

By its very nature, respondent's criminal conduct was intentional. He violated duties owed to the public, the legal system, and the legal profession, causing actual harm to the profession and potential harm to Mr. Burget.

The sanctions in our jurisprudence in prior cases concerning attorneys who have engaged in violent conduct range from a period of suspension to disbarment.[6]

---

[6] For example, in *In re: Crabson*, 13-0312 (La. 4/12/13), 115 So. 3d 452, a man was backing his car out of a parking space at a Walmart store when he heard a car horn behind him. Unsure whether he had hit another vehicle, the man got out of his car and walked around to check for damage. As he did so, a man later identified as Mr. Crabson exited his own vehicle and began screaming profanities. Mr. Crabson then approached the man and threw several punches at him, striking him once and leaving a bruise on his cheek. When the man's wife tried to separate them, Mr. Crabson pushed her away. Mr. Crabson subsequently pleaded no contest to simple battery. For his misconduct, this court suspended him from the practice of law for one year and one day.

In *In re: Bowman*, 12-2410 (La. 3/19/13), 111 So. 3d 317, the lawyer was convicted of domestic abuse battery following an altercation with his former wife. Specifically, while attempting to exercise visitation with his children, the lawyer pinned his former wife against a door by placing his forearm against her throat and chest. He also drew back his left hand in a fist as though he was going to punch her, but he did not actually strike her with his fist. For this misconduct, the court suspended the lawyer for a period of six months, with all but thirty days deferred.

In *In re: Cardenas*, 11-0031 (La. 5/6/11), 60 So. 3d 609, Mr. Cardenas struck his estranged wife in the presence of their minor child. He was subsequently convicted of domestic abuse battery (child endangerment), a misdemeanor, and placed on probation. For this conduct, the court suspended Mr. Cardenas for one year, with six months deferred, followed by a two-year period of probation.

In *In re: Willis*, 09-0211 (La. 5/13/09), 8 So. 3d 548, Mr. Willis was waiting with his girlfriend in a vehicle at the drive-up window of a fast food restaurant. Before their food arrived, Mr. Willis and his girlfriend began arguing. This led to a physical altercation between them wherein Mr. Willis hit and grabbed his girlfriend. He also poured beer on her and hit her over the head with the empty beer bottle. Mr. Willis was ultimately charged with two counts of simple battery, which charges were still pending at the time of the disciplinary matter. He was also charged with other professional misconduct, including neglecting a client's bankruptcy matter, failing to refund an unearned fee and unused costs, failing to return the client's documents upon the termination of the representation, and practicing law while ineligible to do so. For this misconduct, Mr. Willis was disbarred.

In *In re: Sterling*, 08-2399 (La. 1/30/09), 2 So. 3d 408, Mr. Sterling kicked in the door of his girlfriend's apartment and then pushed and shoved her around the apartment. He was subsequently convicted of unauthorized entry of an inhabited dwelling, a felony, and placed on probation. Mr. Sterling was also charged with other professional misconduct, including failure to properly notify his clients of the interim suspension that followed his criminal conviction, failure to return a client's file after he was placed on interim suspension, and transferring a client matter to another attorney without the consent of the client. For this misconduct, the court imposed a two-year suspension from the practice of law.

By their nature, the cases in this area tend to be very fact specific, making it difficult to synthesize any broad precepts. However, it may be said that in general, the severity of the sanctions depend on the intent of the perpetrator, the harm resulting from the actions and the context in which the conduct occurs.

In the case at bar, respondent's actions were unquestionably intentional, although they caused no actual harm to Mr. Burget. The conduct occurred in a judge's chambers, but outside the view of the general public. Considering these factors, we believe a baseline sanction of suspension is applicable.

The only mitigating factor present is the imposition of other penalties or sanctions in connection with the criminal proceeding. In contrast, the record supports the following aggravating factors: a prior disciplinary record, refusal to acknowledge the wrongful nature of the conduct, substantial experience in the practice of law, and illegal conduct.

Of the aggravating factors, we must place particular emphasis on the fact that this matter is respondent's **third** disciplinary proceeding since 2006 which involves overly aggressive or physically abusive behavior. These are not isolated incidents. Indeed, the trial court which presided over the criminal case expressed clear concern over respondent's mental state, as demonstrated by the fact it required respondent to submit to a psychological evaluation and successfully complete an anger management program as conditions of probation.

Considering respondent's disciplinary history, we find it appropriate to fashion a sanction which is both responsive to respondent's current misconduct and which will protect the public in the future by requiring him to demonstrate fitness prior to being reinstated to the practice of law. *See* Supreme Court Rule XIX, §24(E)(3). Accordingly, we will adopt the disciplinary board's recommendation and suspend respondent from the practice of law for one year and one day, thereby necessitating a formal application for reinstatement.

**DECREE**

Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Felix Anthony DeJean, IV, Louisiana Bar Roll number 25028, be and he hereby is suspended from the practice of law for a period of one year and one day. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.