PER CURIAM
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Jennifer E. Gaubert, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.[1]
FORMAL CHARGES
On April 6, 2012, respondent was a passenger in a taxi cab driven by Hervey Farrell. Respondent was highly intoxicated. At some point, Mr. Farrell and respondent had a sexual encounter in the vehicle. Mr. Farrell then used his cell phone to take a sexually explicit video of respondent.
Following the encounter, Mr. Farrell called 911 to report that he had been sexually assaulted by respondent. As a result, respondent was charged in New Orleans Municipal Court with simple battery. Mr. Farrell also filed a civil suit against respondent on March 1, 2013, alleging that he suffered tort damages as a result of her sexual advances in the cab.
On April 5, 2013, one year after the incident, respondent went to the Third District Station of the New Orleans Police Department to report that she was the victim of the crimes of extortion and video voyeurism perpetrated by Mr. Farrell. According to the police report, respondent claimed that her friend and attorney, Brigid Collins, flagged down a cab in the French Quarter and told the driver, Mr. Farrell, to take respondent to an address in Lakeview. Respondent admitted that she was intoxicated during the ride and got into the front seat and began kissing Mr. Farrell. Mr. Farrell later stopped the cab in the Lakeview area and used his cell phone to record a video of respondent, during which she exposed her genitalia. Respondent claimed that Ms. Collins received a copy of the video via e-mail and that Mr. Farrell indicated that if he received $ 1,000, the video and the charges he filed would "go away."
Mr. Farrell was later arrested on charges of video voyeurism and extortion. As a result of his arrest, Mr. Farrell spent about thirty hours in jail.
Following an investigation of respondent's complaint against Mr. Farrell, on October 1, 2013, the state charged respondent with one count of false swearing for the purposes of denying a constitutional right, a felony, in violation of La. R.S. 14:126.2. Respondent was arraigned and pleaded not guilty. She subsequently elected a bench trial.
On April 2, 2014, while the state charges were pending, respondent was tried in Municipal Court on the simple battery charge brought by Mr. Farrell. She was found guilty of that offense and fined costs. Following the denial of respondent's motion for new trial, her conviction of simple battery became final.
On June 13, 2014, the state amended the bill of information to charge respondent *410 with one count of false swearing for the purposes of violating public health or safety, a felony, in violation of La. R.S. 14:126.1. On the same day, respondent pleaded not guilty to that charge.
On January 16, 2015, a one-day bench trial was held in Criminal District Court before Judge Arthur Hunter. The state called two witnesses: Ms. Collins and the police officer who took respondent's criminal complaint. Ms. Collins testified that she never received an e-mail or any other communication from Mr. Farrell or his attorney requesting $ 1,000 for the charges and the video to "go away." She stated that she did receive a copy of the video and that she received a demand for between $ 50,000 and $ 60,000 in connection with the settlement negotiations of the civil suit.
At the close of the state's case, respondent moved for a judgment of acquittal. Judge Hunter deferred his ruling. Respondent then called several witnesses who testified to seeing the sexual encounter in the cab. The witnesses denied having any knowledge of the extortion attempt. Respondent also testified on her own behalf.
At the end of the trial, Judge Hunter denied respondent's motion for a judgment of acquittal. Finding no evidence that Mr. Farrell or his attorney ever made a demand for $ 1,000 and crediting Ms. Collins' testimony that the $ 60,000 demand was in connection with the civil suit, Judge Hunter found respondent guilty of the lesser included offense of criminal mischief, a misdemeanor, based on her false report of extortion. On February 25, 2015, Judge Hunter denied respondent's motions for new trial and post-verdict judgment of acquittal. Judge Hunter sentenced respondent to serve one day in parish prison, suspended; one day of inactive probation with the condition that she not purchase or possess a gun during probation; and ordered her to pay costs.
Respondent appealed her conviction and sentence. The Fourth Circuit Court of Appeal affirmed, holding the record supported the district court's finding that respondent's report of an extortion threat was false. State v. Gaubert , 15-0774 (La. App. 4th Cir. 12/9/15), 179 So.3d 982. The court of appeal reasoned:
The district court credited the testimony of Mr. Farrell, Ms. Collins, and Officer Moran over the testimony of Ms. Gaubert and concluded that the State proved Ms. Gaubert's report of extortion was false. The demand for $ 60,000.00 was not a threat; it was a settlement demand in the context of a civil lawsuit. The record is devoid of any evidence, save for Ms. Gaubert's testimony, that Mr. Farrell or his attorney ever made a demand for $ 1,000.00. No other monetary demand was identified. Nor was an email or any other mode of communication documenting an extortion threat produced. The record thus supports the district court's finding that Ms. Gaubert's report to Officer Moran of an extortion threat was false. Viewing the evidence in the light most favorable to the prosecution, the State proved beyond a reasonable doubt Ms. Gaubert's guilt of criminal mischief. This assignment of error is without merit. [Internal footnote omitted.]
The court of appeal subsequently denied respondent's application for rehearing. Respondent then applied to this court for review. On January 23, 2017, we unanimously denied writs. State v. Gaubert , 16-0122 (La. 1/23/17), 215 So.3d 681. As such, her conviction of criminal mischief is final.
The ODC alleged that respondent's conduct violated Rule 8.4(b) (commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness *411 as a lawyer) of the Rules of Professional Conduct.
DISCIPLINARY PROCEEDINGS
In July 2017, the ODC filed formal charges against respondent, as set forth above. Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee's consideration.
Hearing Committee Report
After considering the ODC's deemed admitted submission, the hearing committee found that the factual allegations set forth in the formal charges were deemed admitted. The committee added that respondent "submitted nothing" and chose not to respond to the ODC. Based on those facts, the committee determined respondent violated Rule 8.4(b) of the Rules of Professional Conduct.
The committee determined respondent negligently, knowingly, and intentionally violated duties owed to the legal profession, causing actual harm to the legal profession. After considering the ABA's Standards for Imposing Lawyer Sanctions , the committee determined the baseline sanction is suspension. The committee did not mention the presence of any aggravating factors and noted that no mitigating factors were present.
In light of the above findings and after reviewing this court's prior jurisprudence addressing similar misconduct, the committee recommended respondent be suspended from the practice of law six months. The committee further recommended she be assessed with the costs and expenses of this proceeding.
In August 2018, respondent submitted a written response to the hearing committee's report. In her response, respondent disputed the committee's finding that she "submitted nothing." Respondent indicated that she met with Deputy Disciplinary Counsel James W. Standley, IV pursuant to a subpoena after she left the practice of law in 2012. She further indicated that in October 2013, she provided the ODC with a statement of facts. Respondent concluded by characterizing her convictions as "wrongful" and suggesting that she was not the perpetrator of a sexual assault upon Mr. Farrell.
Disciplinary Board Recommendation
After review, the disciplinary board acknowledged that the factual allegations of the formal charges were deemed admitted and proven, and are supported by the evidence submitted. The board also determined that the legal conclusions of the committee are supported by the factual allegations asserted in the formal charges and/or by the evidence submitted in support of the factual allegations. Based on these findings, the board concluded that the committee correctly applied the Rules of Professional Conduct.
The board determined respondent knowingly and intentionally violated duties owed to the public and the legal profession. The board noted that respondent was convicted of the crimes of battery and criminal mischief, which, by definition, involve intentional acts. The board determined that her actions caused significant harm to the victim of the crimes she committed and reflected adversely on the legal profession. After considering the ABA's Standards for Imposing Lawyer Sanctions , the board determined the baseline sanction is suspension.
*412 The board found the following aggravating factors are present: a dishonest or selfish motive, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, and illegal conduct. The board found the following mitigating factors are present: absence of a prior disciplinary record and imposition of other penalties or sanctions.
Considering all of the circumstances, including respondent's convictions, her discontinuance of the practice of law six years ago, her failure to respond to the formal charges or participate in the proceeding before the committee, and her demeanor and presentation before the board panel, and considering the ABA Standards and after reviewing this court's prior jurisprudence addressing similar misconduct, the board recommended respondent be suspended from the practice of law for one year and one day. The board further recommended she be assessed with the costs and expenses of this proceeding.
Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.
DISCUSSION
In an attorney disciplinary proceeding based on the lawyer's criminal conviction, the issue of her guilt may not be relitigated. Because the lawyer's conviction, whether based on adjudication or guilty plea, is tantamount to a finding of her guilt beyond a reasonable doubt, the clear and convincing standard of proof that applies to disciplinary proceedings has already been satisfied. In re: Bankston , 01-2780 (La. 3/8/02), 810 So.2d 1113 ; Louisiana State Bar Ass'n v. Wilkinson , 562 So.2d 902 (La. 1990). In this type of proceeding, the sole issue to be determined is whether the crime warrants discipline, and if so, the extent thereof. Supreme Court Rule XIX, § 19(E); In re: Boudreau , 02-0007 (La. 4/12/02), 815 So.2d 76.
Respondent was convicted of simple battery and criminal mischief, thereby violating Rule 8.4(b) of the Rules of Professional Conduct. By her convictions, respondent violated duties owed to the legal profession, causing substantial actual injury to the public and to Mr. Farrell, who spent about thirty hours in jail as a result of respondent's false accusations of video voyeurism and extortion. These crimes, by definition, involve intentional acts. The baseline sanction in this case is suspension. The record supports the aggravating and mitigating factors as found by the disciplinary board.
With regard to crimes involving false police reports, the case of In re: Lightfoot , 11-1950 (La. 3/13/12), 85 So.3d 56, is instructive. In that case, a bankruptcy attorney deliberately filed a false bankruptcy pleading. Additionally, he counseled his clients to use fictitious names on their bankruptcy petition and counseled them to secure a temporary post office box and to list that address on the petition. The attorney was not charged with any crime. Based on this conduct, we imposed a six-month suspension, with all but thirty days deferred.
With regard to respondent's conviction for simple battery, the case of In re: Crabson , 13-0312 (La. 4/12/13), 115 So.3d 452, provides some guidance. In that case, the attorney was convicted of simple battery following an altercation with another shopper in a shopping center parking lot. We imposed a one year and one day suspension.
Based on these cases, and the aggravating factors present in this case, we agree *413 that the one year and one day suspension recommended by the board is appropriate.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Jennifer E. Gaubert, Louisiana Bar Roll number 30375, be and she hereby is suspended from the practice of law for one year and one day. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
Crichton, J., additionally concurs and assigns reasons.
Crichton, J., additionally concurs and assigns reasons.
I agree with the Court's imposition of a one year and one day suspension in this matter. I write separately to point out, as I have in the past, that I consider it troublesome when attorney respondents fail to participate meaningfully in the proceedings against them. See In re: Klaila , 18-0093 (La. 3/23/18), 238 So.3d 949 (Crichton, J., additionally concurring); In re: Reid , 18-0849 (La. 12/5/18), --- So. 3d ----, 2018 WL 6382109 (Crichton., J., dissenting) (noting that "lack of cooperation with ODC, the Hearing Committee, the Disciplinary Board, and this Court demonstrates [a] stunning indifference to this noble profession"). In my view, respondent's disdain for the disciplinary process and her disregard for the Rules of Professional Conduct warrant the suspension imposed.

On June 1, 2017, respondent was declared ineligible to practice law for failing to comply with mandatory continuing legal education requirements. She is also ineligible to practice for failing to pay bar dues and the disciplinary assessment.